CEM

**FILED**
**DECEMBER 7, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD M. McLAUGHLIN, ) | |
| ) | |
| Plaintiff ) | |
| ) No. **07 C 6906** | |
| v. ) | |
| ) | |
| RICHARD CASLER, individually and in ) | |
| his official capacity, KENNETH ) | |
| FRITZ, individually and in his official ) | |
| capacity, and the VILLAGE OF ) | |
| SCHAUMBURG, ) | |
| ) **JUDGE DER-YEGHIAYAN** | |
| ) JURY DEMANDED **MAGISTRATE JUDGE BROWN** | |
| Defendants. ) | |

## COMPLAINT

**NOW COMES** the plaintiff, GERALD M. McLAUGHLIN, by and through his attorneys, Arthur R. Ehrlich and Jonathan C. Goldman of GOLDMAN AND EHRLICH, and complaining of the Defendants, RICHARD CASLER, KENNETH FRITZ, both individually and in their official capacities, and the VILLAGE OF SCHAUMBURG, states as follows:

### COUNT I
### SECTION 1983 – FIRST AMENDMENT

1. This is an action for violations of the Plaintiff's rights of free speech, his right to be free of unreasonable and arbitrary conduct, and deprivation of a property right without due process, under the First and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. §1983. This is also an action for Illinois State law claims for retaliatory discharge and tortious interference with prospective economic advantage. This Court has jurisdiction under 28 U.S.C. §1343, 42 U.S.C. §1983, and under the principles of pendant jurisdiction. Venue is proper in this district because all parties reside in Cook County, Illinois.

2. Plaintiff GERALD M. McLAUGHLIN is a resident of Cook County, Illinois. Plaintiff was employed by Defendant VILLAGE OF SCHAUMBURG as a Professional Standards Manager at all times relevant to this complaint until his termination on or about December 8, 2005.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

3. Defendant RICHARD CASLER has been the Director of Police for the VILLAGE OF SCHAUMBURG at all times relevant to this complaint. CASLER was Plaintiff's direct supervisor. CASLER resides in Schaumburg, Illinois.

4. Defendant KENNETH J. FRITZ has been the Village Manager for the VILLAGE OF SCHAUMBURG at all times relevant to this complaint. FRITZ was Plaintiff's second-level supervisor and was proposing to become Plaintiff's direct supervisor at the time Plaintiff was terminated. FRITZ resides in Schaumburg, Illinois.

5. Defendant, VILLAGE OF SCHAUMBURG (hereinafter referred to as "VILLAGE"), is a municipal corporation organized under the laws of the State of Illinois.

6. Plaintiff was hired by Defendant VILLAGE in 2001 as the Professional Standards Manager for Defendant VILLAGE's Office of Professional Standards (OPS). In that capacity, Plaintiff was responsible for investigating complaints made by citizens against the VILLAGE's police officers and for performing Department Inspections. Plaintiff was also responsible for conducting background investigations of candidates for the VILLAGE's police department and fire department, and performing inspections of various VILLAGE departments.

7. Throughout his employment with VILLAGE, Plaintiff received highly satisfactory performance evaluations and was praised by all of his supervisors. He implemented several improvements in OPS to better manage its investigation process and caseload, implemented ethics training for police officers and employees, and implemented an early warning tracking system which allowed for the early detection of officers who may be at risk in their performance in order to assist these officers before any serious issues developed. All of these changes increased the productivity and performance of OPS, improved public confidence in the police department, and reduced the number of complaints filed by the public against police officers. These accomplishments also saved the VILLAGE and taxpayers money and allowed the VILLAGE to retain its accreditation from the Commission on Accreditation for Law Enforcement.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

8. As a result of the accomplishments of OPS under Plaintiff's management, CASLER, and FRITZ, among others, proposed in or about October of 2005, that OPS be expanded to cover all VILLAGE employees. Under this proposal, Plaintiff would be responsible for investigating complaints against all VILLAGE employees, and applying the early warning system and ethics training to all VILLAGE employees. Defendants also proposed relocating OPS to a different building and having Plaintiff directly supervised by the Village Manager FRITZ.

9. After Defendants discussed the expansion of OPS and Plaintiff's duties to cover all VILLAGE employees, Plaintiff learned that the new office space would not be adequate for the expanded responsibilities of OPS. The new location would limit the access of residents who wished to make complaints about officers or employees and the new location would not be large enough to safely store the increased number of confidential investigative files for which OPS would be responsible. The resources that would be provided to OPS would also not be sufficient to perform the expanded duties.

10. Plaintiff was concerned that relocating to the new location and unwillingness to provide sufficient support and resources for OPS's increased workload would have an adverse impact on the ability of OPS to investigate in a timely and adequate manner complaints filed by residents against police and other Village employees, hinder and delay the ability of OPS to perform background investigations on police and fire candidates who were needed to fill vacancies, severely limit the ability to adequately monitor at risk employees, and limit the ability to provide adequate ethics training to all employees.

11. Plaintiff was concerned that the limited hours of when residents could make complaints in the new location and the delays to timely complete investigations due to inadequate resources would discourage residents from making complaints. Collectively, these problems would reduce public confidence in the police force, adversely affect moral in the fire and police department, delay the imposition of corrective discipline of police and other employees, thereby

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

allowing them to continue interacting with the public, and delay the filling of police and fire vacancies, thereby putting increased strain on the police and fire departments' ability to serve the residents. The proposed changes could also jeopardize the VILLAGE's accreditation with the Commission on Accreditation for Law Enforcement, which allows the VILLAGE to obtain lower insurance premiums for liability insurance and saves taxpayers money. These proposed changes would also interfere with Illinois State law requirements to properly investigate allegations of police misconduct and with the obligations under state law for the Board of Police and Fire Commissioners to hire qualified candidates for positions with the police and fire departments to better serve the public.

12. In November of 2005, Plaintiff expressed his concerns to a VILLAGE Trustee and to the Chairman of the Board of Police and Fire Commissioners. Neither the Trustee nor the Chairman supervised Plaintiff. Plaintiff expressed these concerns to these two individuals as an individual who was concerned about the residents of the VILLAGE, the VILLAGE itself, and its public employees. Expressing these concerns to these individuals was not within the scope of his duties.

13. When FRITZ and CASLER learned that Plaintiff had brought these concerns about how the proposed changes would affect the public to the Trustee and Chairman of the Board of Police and Fire Commissioners, they questioned Plaintiff on or about November 16, 2005, regarding what he told these individuals. On or about November 29, 2005, FRITZ and CASLER asked Plaintiff to provide a more detailed statement as to what he told the Trustee and Chairman. Defendants did not indicate that Plaintiff was being investigated for any wrongdoing at the time they asked for this information.

14. On or about December 2, 2005, CASLER told Plaintiff for the first time that he may be terminated for his communications with the Trustee and Chairman of the Board of Police and Fire Commissioners. On December 8, 2005, CASLER told Plaintiff that he was being terminated

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

4

because Plaintiff made FRITZ, CASLER, and others "look bad" by expressing his concerns about how the proposed changes to OPS may adversely affect the residents of the VILLAGE, the VILLAGE itself, and its public employees. Defendants also claimed that their review of Plaintiff's conversation with the Trustee and Chairman indicated that Plaintiff had integrity issues. The VILLAGE had decided not to go forward with all of the proposed changes to OPS after Plaintiff expressed his concerns to the Trustee and Chairman.

15. Defendants' stated reasons for terminating Plaintiff for alleged integrity issues were false. Defendants terminated Plaintiff in retaliation for speaking openly about how the proposed changes would have an adverse impact on the VILLAGE and its residents. Plaintiff raised these issues as a concerned citizen on behalf of the residents of the VILLAGE.

16. Defendants knowingly relied on these false claims against Plaintiff as a pretext for terminating him on December 8, 2005. FRITZ and CASLER had the final authority to terminate Plaintiff on behalf of the VILLAGE. As Director of police and as VILLAGE manager, CASLER and FRITZ were delegated with the final decision authority and final policymaking authority to terminate Plaintiff and to make decisions that affected OPS.

17. FRITZ and CASLER misused their positions with the VILLAGE to personally retaliate against Plaintiff and committed these actions under color of state law. Defendants knew that their actions violated the law and took these actions because they were embarrassed when Plaintiff expressed his concerns about the proposed changes for OPS to other individuals.

18. The Defendants' actions violated 42 U.S.C. §1983 because they were taken in retaliation against Plaintiff's exercise of his rights under the First and Fourteenth Amendments and Defendants attempted to prevent him from exercising his rights under the First and Fourteenth Amendment through their retaliatory conduct. The Defendants' actions had a chilling effect on Plaintiff's speech and expression of ideas in violation of the First and Fourteenth .Amendment.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

5

19. As a direct result of Defendants' actions, Plaintiff has lost salary, employment benefits, and has suffered emotional distress.

20. The acts, conduct, and behavior of the individual Defendants were performed knowingly, intentionally, and maliciously. Plaintiff is entitled to an award of punitive damages against the individual Defendants FRITZ and CASLER because they knew or should have known that their actions violated the law.

21. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff requests judgment in favor of Plaintiff and against Defendants, individually and in their official capacity, and against the VILLAGE, and that the following relief be awarded:

A. Compensatory and actual damages in a sum in excess of Three Hundred Thousand Dollars ($300,000.00);

B. Punitive damages in a sum in excess of Two Hundred Thousand Dollars ($200,000.00) against the individual Defendants in their individual capacities;

C. Attorney's fees and the costs of this suit pursuant to 42 U.S.C. §1988;

D. Front pay; and

E. Any other relief as this Court deems just.

## COUNT II
## SECTION 1983 – DUE PROCESS

1-18. Plaintiff realleges ¶¶ 1 through 14 of Count I as ¶¶ 1 through 18 of this Count II.

19. The Defendant VILLAGE maintains a set of mandatory administrative rules and procedures that provide all employees, except probationary and seasonal employees, with the right to a formal investigation and administrative review procedure. These mandatory rules include Corrective Action Procedures, Administrative Protocols, and Internal Investigations procedures for employees. Defendant has applied these rules and procedures to all employees, including the Chief

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

or Director of Police and to the Police Administrative Manager when they were accused of alleged misconduct, and should have applied these rules to Plaintiff.

20.     The Administrative Protocol requires that an investigation be conducted for any complaint made against an employee and that a formal written corrective action recommendation be prepared. The Corrective Action Procedure requires that Defendants must adhere to progressive discipline except in the case of "major" violations such as fraud or use of illegal drugs and provides a grievance procedure. The Internal Investigations procedures provide for a formal investigative process and Administrative Review. This includes preparing a written Report of Inquiry documenting the investigation, issuing the employee with a Notification of Investigation and Rights Prior to Investigation Form and questioning the employee using an audio record.

21.     Though Defendants have followed these mandatory procedures in other cases such as with the Chief or Director of Police and the Police Administrative Manager, Defendants failed to adhere to these procedures before or at the time they terminated Plaintiff. When Plaintiff was asked to inform CASLER about what he had said to the Trustee and Chairman, Plaintiff was not told that there was any potential discipline being considered or that he was under any type of investigation, or follow any other of the mandatory procedures that limited the method, ability and circumstances under which Plaintiff could be disciplined or terminated. Further, Defendants violated its mandatory procedures for progressive discipline when it terminated Plaintiff though he had no prior discipline and was not being charged with a "major" offense.

22.     The VILLAGES's mandatory procedures as alleged above applied to Plaintiff and gave Plaintiff a property interest in his position. The Defendants violated 42 U.S.C. §1983 by terminating Plaintiff and depriving him of his property interest without due process through their failure to adhere to these mandatory procedures and for terminating him without due process in retaliation for exercising his rights to free speech under the First and Fourteenth Amendments.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

7

23. Defendants knowingly relied on these false claims against Plaintiff as a pretext for terminating him on December 8, 2005 without due process. FRITZ and CASLER had the final authority to terminate Plaintiff on behalf of the VILLAGE. As Director of police and as VILLAGE manager, CASLER and FRITZ were delegated with the final decision authority and final policymaking authority to terminate Plaintiff and to make decisions that affected OPS.

24. FRITZ and CASLER misused their positions with the VILLAGE in depriving him of his property rights without due process in order to personally retaliate against Plaintiff and they committed these actions under color of state law. Defendants knew that their actions violated the law and took these actions because they were embarrassed when Plaintiff expressed his concerns about the proposed changes to OPS to other individuals.

25. As a direct result of Defendants' actions, Plaintiff has lost salary, employment benefits, and has suffered emotional distress.

26. The acts, conduct, and behavior of the individual Defendants were performed knowingly, intentionally, and maliciously. Plaintiff is entitled to an award of punitive damages against the individual Defendants FRITZ and CASLER because they knew or should have known that their actions violated the law.

27. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff requests judgment in favor of Plaintiff and against Defendants, individually and in their official capacity, and against the VILLAGE, and that the following relief be awarded:

A. Compensatory and actual damages in a sum in excess of Three Hundred Thousand Dollars ($300,000.00);

B. Punitive damages in a sum in excess of Two Hundred Thousand Dollars ($200,000.00) against the individual Defendants in their individual capacities;

C. Attorney's fees and the costs of this suit pursuant to 42 U.S.C. §1988;

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

  D.  Front pay; and

  E.  Any other relief as this Court deems just.

## COUNT III
## RETALIATORY DISCHARGE AGAINST THE VILLAGE

1. - 15.  Plaintiff realleges ¶¶ 1 through 14 of Count I as ¶¶ 1 through 14 of this Count III.

16.  The State of Illinois has an important public policy to insure that complaints against police officers are properly investigated in accordance with the Uniform Peace Offices' Disciplinary Act. The State of Illinois also has an important public policy in insuring that only properly qualified applicants for a town or village police and fire department are hired and retained for these positions in accordance with state laws. The State of Illinois also has an important public policy in having villages and towns maintain a professional police department and Defendant VILLAGE tried to accomplish this by obtaining accreditation through the Commission on Accreditation for Law Enforcement. This accreditation process requires a system such as OPS to conduct internal investigations as to alleged police misconduct.

17.  Defendant VILLAGE, through its duly authorized agents, FRITZ and CASLER, terminated Plaintiff in retaliation for expressing his concerns to the VILLAGE Trustee and Chairman of the Board of Police and Fire Commissioners that the proposed changes may interfere with and prevent OPS from meeting these public policy goals as described above. Defendant VILLAGE also violated Plaintiff's free speech rights by this retaliatory discharge as the State of Illinois has a policy of encouraging free speech about matters of public concern.

18.  Defendant VILLAGE terminated Plaintiff based solely on malice and ill will against Plaintiff because Defendant VILLAGE was embarrassed by Plaintiff's complaints and some of the proposed changes for OPS were cancelled or delayed due to Plaintiff's complaints. Defendant was also concerned that Plaintiff's complaints could jeopardize its accreditation process which allows

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

9

Defendant to obtain lower insurance premiums for liability insurance. Defendant willfully made false allegations against Plaintiff's integrity which it knew to be false when it terminated him in retaliation for his complaints of how Defendant's proposed plans could violate important public policy goals of the State of Illinois, and in violation of his right to free speech about matters of public concern.

19. As a direct result of Defendants' actions, Plaintiff has lost salary, employment benefits, and has suffered emotional distress.

20. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff requests judgment in favor of Plaintiff and against Defendant VILLAGE of SCHAUMBURG and that Plaintiff be awarded a judgment in excess of three Hundred Thousand Dollars ($300,000.00) and front pay.

### COUNT IV
### TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AS TO CASLER AND FRITZ

1. - 16. Plaintiff realleges ¶¶ 1 through 16 of Count III above, as ¶¶ 1 through 15 of this Count IV.

17. When Plaintiff made his objections known to the VILLAGE Trustee and Chairman of the Board of Police and Fire Commissioners, the VILLAGE subsequently postponed the plans of FRITZ and CASLER to relocate OPS and increase the scope of OPS's duties. CASLER warned Plaintiff that his complaints and expressions of concerns made both FRITZ and CASLER "look bad" and this had now become a "political" issue.

18. FRITZ and CASLER caused Plaintiff's termination based solely on malice and ill will against Plaintiff because his complaints about their proposed changes made them "look bad" and embarrassed them. These Defendants acted outside the scope of their employment with the VILLAGE and acted completely against the best interests of the VILLAGE by falsely causing

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

10

Plaintiff's termination based on an alleged lack of integrity which they knew to be false since they admitted that the real reason was because Plaintiff's complaints made them "look bad".

19. Defendants knew that the VILLAGE and State of Illinois had an express policy of recognizing the rights of free speech of its employees and the prohibition of taking any retaliatory action against Plaintiff for exercising his rights of free speech. Defendants intentionally violated and ignored that policy and acted in knowing violation of Federal civil rights law when they tortiously interfered with Plaintiff's free speech and retaliated against Plaintiff for expressing his reasonable concerns about Defendants' proposed changes.

20. As a direct result of Defendants' actions, Plaintiff has lost salary, employment benefits, and has suffered emotional distress.

21. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff requests judgment in favor of Plaintiff and against Defendants FRITZ and CASLER and that Plaintiff be awarded a judgment in excess of Three Hundred Thousand Dollars ($300,000.00) in compensatory and actual damages and a judgment in excess of Two Hundred Thousand Dollars ($200,000.00) in punitive damages.

/s/ Arthur R. Ehrlich
Arthur R. Ehrlich of GOLDMAN & EHRLICH, as attorney for Plaintiff GERALD M. McLAUGHLIN

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364