IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD M. McLAUGHLIN, | ) |
| | ) |
| Plaintiff | ) |
| | ) No. 07 C 6906 |
| v. | ) |
| | ) |
| RICHARD CASLER, individually and in his official capacity, KENNETH FRITZ, individually and in his official capacity, and the VILLAGE OF SCHAUMBURG, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

**NOW COMES** Plaintiff, GERALD M. McLAUGHLIN, by and through his undersigned attorney, Arthur R. Ehrlich of GOLDMAN & EHRLICH, and responds as follows to Defendants' Motion for Judgment on the Pleadings:

**INTRODUCTION**

Defendants move for judgment on the pleadings against Counts III and IV of Plaintiff's Complaint, which are state law claims for retaliatory discharge against Defendant VILLAGE OF SCHAUMBURG ("VILLAGE") for retaliatory discharge (Count III), and against the individual Defendants for tortious interference with prospective economic advantage (Count IV). Defendants' arguments are based entirely on their claim that the individual defendants are entitled to absolute immunity under the Illinois Tort Immunity Act because the decision to terminate Plaintiff was a discretionary action taken pursuant to an official policy. Defendant VILLAGE then contends that if the individuals are immune, the VILLAGE itself cannot be liable. Defendants' Answer to the Complaint, however, makes it clear that the actions of the individual defendants were not

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

discretionary acts taken pursuant to an official policy. Therefore, Defendants' Motion must be denied.

## ARGUMENT

Defendants argue that Section 2-201 of the Illinois Tort Immunity Act gives absolute immunity to government employees making discretionary decisions pursuant to official policy. 745 ILCS 10/2-201. Defendants then insist that a decision to terminate an employee is discretionary under the Act. Defendants cite to various cases where the individual defendant making the decision to terminate was held to be immune under the Act. *E.g, Downery v. Shonkwiler*, 2005 US Dist. Lexis 29475 (CD Il 2005). While some cases do support the proposition that the individual making the decision to terminate is immune under the Act under certain circumstances, Defendants have denied that the individual defendants in this case made the decision to terminate Plaintiff.

In each case cited by Defendants, the plaintiff was filing suit against the individuals who specifically made the termination decision. For example, in *Downery*, the plaintiffs filed suit against the superintendent and other individuals who made the decision to not renew the employment contracts of the plaintiffs. 2005 US Dist. Lexis 29475. The court noted that the contracts specifically stated that they were renewable at the discretion of the defendants and the individual defendants exercised their discretion to not renew those contracts. 2005 US Dist. Lexis 29475, at * 11-*12. In *Anderson v. Grayslake School District*, the court made a similar ruling where the members of the school board exercised their discretion to terminate an employee. 1997 US Dist. Lexis 15980 * 3-*4 (ND Ill 1997). In *Ellis v. City of Chicago*, the plaintiff filed suit only against the City and the court held that the City's decision under those facts was discretionary. 272 F.Supp.2d 729, 735-36 (N.D.Ill.,2003). No individuals were named as defendants in *Ellis*.

In the case at bar, Defendants have denied that CASLER and FRITZ supervised Plaintiff and denied that these Defendants made the decision to terminate Plaintiff. ¶¶ 3, 4, 16. Defendants

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

2

have raised the Tort Immunity Act as an affirmative defense in their answer to the Complaint and it is their burden of proof to establish that CASLER and FRITZ were immune and that they exercised discretion pursuant to a policy decision to terminate Plaintiff. *Clarage v. Kuzman.* 342 Ill. App. 3d 573, 584 (2003). Clearly, Defendants cannot meet this burden of proof where they denied that these Defendants supervised Plaintiff or made the decision to terminate him in their Answer to the Complaint. If these Defendants did not make this discretionary decision, they could not be immune under § 2-201.

In the case of *Stenson v. Town of Cicero*, the defendants moved to dismiss common law tort claims regarding the plaintiff's discharge under the Tort Immunity Act. 2005 WL 64334 (ND Il 2005). As in the case at bar, the defendants denied that the named individual defendants had any role in the decision to terminate the plaintiff. The court refused to dismiss the state law claim based on a tort immunity argument because the defendants failed to identify who made the decision to terminate the plaintiff and could therefore not yet prove that anyone who made that decision was in fact exercising their discretion pursuant to official policy. * 12.

Several cases have refused to apply the Tort Immunity Act when the defendant could not establish he was making a discretionary decision pursuant to policy. In *Clarage v. Kuzman.* the plaintiff obtained preliminary approval with a township for upgrading roads for a planned resort development and was negotiating with another government agency to issue bonds to fund the project. 342 Ill. App. 3d 573. In the midst of these negotiations, Scully, a government official from the township, forwarded a letter to the Township Board falsely claiming that the other agency was not negotiating with the plaintiff. *Id.* at 581-82. This caused the Township to reverse its decision to upgrade the roads. After noting that it was was Defendant Scully's burden to prove he was entitled to immunity under the Tort Immunity Act, the court denied his motion to dismiss due to his failure to prove that he was exercising discretion pursuant to an official government policy.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

3

*Id.* at 584, 585-86. The court explained that while Scully had been appointed by the Township to initially meet with the plaintiff, he had no authority beyond that to take the actions at issue. *Id.* at 585-86. His subsequent actions were therefore not considered discretionary under any official policy that applied to him and he was not immune. *Id.*

In *Stratman v. Brent*, the plaintiff filed suit against a police chief for making defamatory statements to a federal law enforcement agency that effectively prevented the plaintiff from being hired. 291 Ill. App. 3d 123 (1997). The defendant argued since he was merely exercising his discretion in providing information to the law enforcement agency, he was immune under the Tort Immunity Act. The court rejected this argument stating that while the defendant may have exercised discretion on whether to provide employment information that would be contained in the personnel file, he was not exercising his "*official* discretion" since providing this information was not unique to his position as a chief and the defamatory statements he provided were not made pursuant to any official policy. *Id.* at 131-32.

Since Defendants in the case at bar have denied that they made the decision to terminate Plaintiff and further deny that they even supervised him, they cannot prove that their actions as alleged by Plaintiff constituted the exercise of discretion made pursuant to an official policy. Plaintiff has alleged that Defendants caused his termination because Plaintiff's complaints "made them 'look bad' and embarrassed them" and FRITZ and CASLER "acted outside the scope of their employment" by making false complaints about Plaintiff's alleged lack of integrity which led to his termination. Count IV, ¶ 18. Clearly, the Complaint allegations and Defendants' denial that they made the actual decision to terminate Plaintiff refutes their claim that they were exercising any official discretion pursuant to an official policy. As in *Clarage*, their false claims which led to the decision of others to terminate Plaintiff is not protected as a discretionary act pursuant to an official policy.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

4

Defendants' Motion to Dismiss Count III is based entirely on their claim that CASLER and FRITZ are absolutely immune under the Tort Immunity Act and that the VILLAGE cannot be liable if neither FRITZ nor CASLER are liable. As noted above, the individual Defendants are not entitled to absolute immunity because their tortious actions were not made pursuant to any discretion exercised as part of official policy. Consequently, Defendants' Motion must be denied in its entirety.

## CONCLUSION

**WHEREFORE,** Plaintiff GERALD M. McLAUGHLIN requests that the Defendants' Motion for Judgment on the Pleadings be denied.

/s/ Arthur R. Ehrlich
Arthur R. Ehrlich of GOLDMAN & EHRLICH, as attorney for Plaintiff GERALD M. McLAUGHLIN

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364