IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD M. McLAUGHLIN,                )<br>                                                          )<br>             Plaintiff,                        )<br>                                                          )<br>    v.                                              )<br>                                                          )<br>RICHARD CASLER, individually and in )<br>his official capacity, KENNETH       )<br>FRITZ, individually and in his official )<br>capacity, and the VILLAGE OF       )<br>SCHAUMBURG,                          )<br>                                                          )<br>             Defendants.                   ) | No. 07 C 6906<br>Judge Der-Yeghiayan |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, by and through their counsel, Jack M. Siegel and Iain D. Johnston, hereby state the following in support of their motion for judgment on the pleadings as to Counts III and IV of Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(c).

**I. INTRODUCTION**

Based upon the allegations in Plaintiff's Complaint and the undisputed law, the motion for judgment on the pleadings should be granted. There are many issues that are not in dispute, which include the following:

- Firing decisions, whether made by individual actors or the public entity itself, are inherently discretionary acts. *See Moore v. Board of Ed.*, 300 F. Supp. 2d 641, 644-45 (N.D. Ill. 2004); *Anderson v. Grayslake School Dist.*, 1997 U.S. Dist. LEXIS 15980, *3-4 (N.D. Ill. 1997) (attached to motion as Ex. #3); *Johnson v. Mers*, 279 Ill. App. 3d 372, 380, 664 N.E.2d 668, 675 (2nd Dist. 1996) ("Such an

action is inherently discretionary and is not performed on a given state of facts in a prescribed manner.").

- Discretionary acts by public employees are immune under the Local Governmental and Local Governmental Employees Tort Immunity Act ("Act"). *Id.*; 745 ILCS 10/2-109, 10/2-201.

- Plaintiff alleges that the Village terminated him because of the decisions by Kenneth Fritz, the Village Manager, and Richard Casler, the Director of Police. (Ct. III, ¶17; Ct. IV, ¶18)[1]

- When considering a Rule 12(c) motion for judgment on the pleadings, the court is *not* required to (1) ignore allegations in the complaint that undermine the plaintiff's claim or (2) give any weight to the plaintiff's conclusions of law contained in the complaint. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) ("[H]owever, we are not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law.").

Plaintiff does not, because he cannot, dispute these issues. As a result of these undisputed issues, the Defendants' motion for judgment on the pleadings should be granted.

## II. ARGUMENT

Plaintiff's entire argument in opposition to the motion for judgment on the pleadings is based upon factually and legally false premises. Plaintiff incorrectly asserts that Defendants denied that they terminated Plaintiff, and because of that denial, they could not have been

---

[1] A copy of Defendants' Answer and Affirmative Defenses is attached to Defendants' motion for the Court's convenience. *See* Ex. #1.

exercising their discretion and are thus not entitled to immunity. As shown below, Plaintiff's argument is meritless.

### A. Defendants Have Not Denied That They Were Involved In The Decision.

Plaintiff incorrectly asserts that Defendants have denied that they were involved in the decision to terminate Plaintiff. To support this erroneous contention, Plaintiff only cites three paragraphs in the Complaint: 3, 4 and 16. (Plaintiff's Response at p. 2, last line on page.) A review of the pleadings relating to those paragraphs establishes that Defendants did not deny they were involved in the decision to terminate Plaintiff.

Paragraph 3 states: "Defendant RICHARD CASLER has been the Director of Police for the VILLAGE OF SCHAUMBURG at all times relevant to this complaint. CASLER was Plaintiff's direct supervisor. CASLER resides in Schaumburg, Illinois." Defendants answered this allegation as follow: "Defendants admit that the allegation of Paragraph 3, except Plaintiff's allegation regarding Casler being Plaintiff's direct supervisor." Accordingly, nothing either alleged in Paragraph 3 or the corresponding answer supports Plaintiff's assertion that Defendants denied that Casler was involved in the decision to terminate Plaintiff.

Paragraph 4 states: "Defendant KENNETH J. FRITZ has been the Village Manager for the VILLAGE OF SCHAUMBURG at all relevant times to this complaint. FRITZ was Plaintiff's second-level supervisor and was proposing to become Plaintiff's direct supervisor at the time Plaintiff was terminated. FRITZ resides in Schaumburg, Illinois." Defendants answered this allegation as follows: "Defendants admit the allegations in Paragraph 4, except Plaintiff's allegation regarding Fritz being Plaintiff's second-level supervisor." Again, there is nothing alleged in Paragraph 4 or its corresponding answer that supports an argument that Defendants denied Fritz was involved in the decision to terminate Plaintiff.

Plaintiff's final reliance to support his argument that Defendants denied that they were involved in Plaintiff's termination is paragraph 16 of Counts III and IV of the Complaint.[2] Paragraph 16 to Count III states:

> The State of Illinois has an important public policy to insure that complaints against police officers are properly investigated in accordance with the Uniform Peace Officer's Disciplinary Act. The State of Illinois also has an important public policy in insuring (sic) that only properly qualified applicants for a town or village police or fire department are hired and retained for these positions in accordance with state law. The State of Illinois also has an important public policy in having villages and towns maintain a professional police department and Defendant VILLAGE tried to accomplish this by obtaining accreditation through the Commission on Accreditation for Law Enforcement. This accreditation process requires a system such as OPS to conduct internal investigations as to alleged police misconduct.

(Answer at p. 10.)

Defendants answered Paragraph 16 to Count III as follows: "Defendants deny the legal conclusions contained in Paragraph 16." This same paragraph 16 is incorporated by reference as Paragraph 16 of Count IV. (Answer at p. 11.) Defendants incorporated their answer as to this allegation. *Id.*

Again, there is nothing in Paragraph 16 of Counts III and IV to support Plaintiff's claim that Defendants denied that they were involved in Plaintiff's discharge.

Simply put, there is nothing in the pleadings that supports Plaintiff's argument that "the defendants denied that the named individual defendants had any role in the decision to terminate the plaintiff." (Plaintiff's Response at p. 3.)

To the extent it even matters for the disposition of this motion, Defendants do deny the legal conclusions littered throughout the complaint. This Court likewise need not accept these

---

[2] As Defendants explicitly argued in their motion for judgment on the pleading and now in this reply brief, they are currently only moving for judgment on Counts III and IV of the Complaint. Count III is a claim of retaliatory discharge *only* against the Village. (See Answer at p. 10.) Count IV is a claim of tortious interference with prospective economic advantage *only* against Casler and Fritz. (See Answer at p. 11.)

legal conclusions as true. *Northern Indiana*, 163 F.3d at 452 (court not obliged "to assign any weight to unsupported conclusions of law.")

B. **The Court Need Not Ignore The Allegations That Show He Has No Claim.**

Essentially, Plaintiff's faulty argument requires this Court to ignore his own pleadings. Plaintiff's own Complaint alleges that Casler and Fritz caused Plaintiff's termination and that the Village acted through Casler and Fritz. (Ct. III, ¶17; Ct. IV, ¶18) This allegation must be taken as true even if it negates Plaintiff's claim. *Northern Indiana*, 163 F.3d at 452 (court not obliged "to ignore any facts set forth in the complaint that undermine plaintiff's claim").

Strangely, even if this Court were to improperly accept Plaintiff's invitation to overlook what he alleged in the Complaint, Defendants would still be entitled to dismissal. If Plaintiff's current argument that Casler and Fritz were not involved in the decision to terminate Plaintiff were accepted, then Casler and Fritz would be entitled to dismissal because they would not have caused Plaintiff's termination. *See, e.g., Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 287 (1977) (§1983 requires showing of causation); *Palmer v. Marion County*, 327 F.3d 588, 593-94 (7th Cir. 2003) (§1983 requires a showing of personal involvement).

C. **Plaintiff's Reliance On Non-Termination Decisions Is Misplaced.**

In response to the numerous cases cited in Defendants' motion, Plaintiff relies upon two (2) easily distinguishable cases: *Clarage v. Kuzma*, 342 Ill. App. 3d 573, 795 N.E.2d 348 (3rd Dist. 2003) and *Stratman v. Brent*, 291 Ill. App. 3d 123, 683 N.E.2d 951 (2nd Dist. 1997). Unlike the allegations in this case, neither case involves the termination of a public employee, which as established by Defendants' cited cases is an inherently discretionary act. *See Moore*, 300 F. Supp. 2d at 644-45; *Anderson*, 1997 U.S. Dist. LEXIS 15980 at *3-4; *Johnson*, 279 Ill. App. 3d at 380, 664 N.E.2d at 675 ("Such an action is inherently discretionary and is not performed on a

given state of facts in a prescribed manner."). Instead, in both of these cases, the courts found that the actions were not discretionary. Because terminating a public employee is discretionary and these cases do not involve the termination of a public employee, neither case supports the denial of Defendants' motion for judgment on the pleadings.

### III. CONCLUSION

Plaintiff's claims under Counts III and IV are barred by the Act. Plaintiff's entire argument that the Act does not apply is based upon factually and legally false premises. There is nothing in Paragraphs 3, 4 or 16 to Counts III and IV that support Plaintiff's contention that Defendants denied involvement in Plaintiff's termination. Moreover, as established by both Federal and Illinois case law the decision to terminate a public employee is a discretionary decision immunized by the Act. Consequently, this Court should grant Defendants' Motion for Judgment on the Pleadings as to these counts.

Respectfully submitted,

s/ Iain D. Johnston

Iain Johnston
Holland & Knight LLP
131 S. Dearborn Street, 30th Floor
Chicago, Illinois 60603
(312) 263-3600

# 5228162_v1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD M. McLAUGHLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 07 C 6906 |
| | )  Judge Der-Yeghiayan |
| RICHARD CASLER, individually and in his official capacity, KENNETH FRITZ, individually and in his official capacity, and the VILLAGE OF SCHAUMBURG, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF FILING

To:  Arthur R. Ehrlich
Goldman & Ehrlich
19 South La Salle Street
Suite 1500
Chicago, IL  60603

   PLEASE TAKE NOTICE that on March 27, 2008, we filed electronically with the Clerk of the United States District Court For the Northern District of Illinois Defendants' Reply Brief in Support of Motion for Judgment on the Pleadings.

Respectfully submitted,
Village of Schaumburg

By: s/ Iain D. Johnston

Jack M. Siegel
Iain D. Johnston
Holland & Knight LLP
131 S. Dearborn Street
30th Floor
Chicago, Illinois 60603
(312) 263-3600

## **CERTIFICATE OF SERVICE**

    The undersigned, an attorney, certifies that a true and correct copy of the foregoing Notice of Filing together with Defendants' Reply Brief in Support of Motion for Judgment on the Pleadings were served electronically on the following attorneys:

> Arthur R. Ehrlich
> Goldman & Ehrlich
> 19 South La Salle Street
> Suite 1500
> Chicago, IL  60603

On March 27, 2008.

                                      s/ Iain D. Johnston

\# 5227828_v1