IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD M. McLAUGHLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 6906 |
| ) | |
| ) | |
| RICHARD CASLER, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Richard Casler's ("Casler"), Defendant Kenneth Fritz's ("Fritz"), and Defendant Village of Schaumburg's ("Village") partial motion for judgment on the pleadings. For the reasons stated below, we grant the motion.

### BACKGROUND

Plaintiff Gerald M. McLaughlin ("McLaughlin") alleges that he was employed by the Village as a Professional Standards Manager in the Village's Office of Professional Standards ("OPS"). Casler was allegedly the Director of Police for the Village and Fritz was allegedly the Village Manager for the Village. McLaughlin alleges that Casler was McLaughlin's direct supervisor and that Fritz was

McLaughlin's second-level supervisor.  McLaughlin alleges that while he was employed for the Village it was his responsibility to investigate complaints made by private citizens against police officers in the Village.  McLaughlin claims that in October 2005, Casler and Fritz proposed that the OPS should be expanded to cover all Village employees.  However, McLaughlin allegedly had reservations about the consequences of increasing the responsibilities of the OPS.  McLaughlin alleges that he expressed these concerns to the Village Trustee ("Trustee") and to the Chairman of the Board of Police and Fire Commissioners ("Chairman").  According to McLaughlin, Casler and Fritz questioned him extensively after they learned that McLaughlin had expressed his concerns about the OPS expansion to the Trustee and the Chairman.  McLaughlin claims that on December 8, 2005, Casler informed McLaughlin that his employment was being terminated.  Casler allegedly told McLaughlin that he was being fired for making Fritz and Casler "look bad" by expressing his concerns about the OPS expansion to the Trustee and the Chairman. (Compl. Par. 14).  McLaughlin alleges that Fritz and Casler had the final authority to terminate McLaughlin and that they used that authority to terminate McLaughlin on behalf of the Village.

     McLaughlin filed the instant action on December 12, 2007.  His complaint includes claims brought under 42 U.S.C. § 1983 ("Section 1983") against all Defendants alleging that Defendants terminated his employment in retaliation for his exercise of his rights under the First and Fourteenth Amendments (Count I), a Section 1983 claim alleging violations of his due process rights (Count II), a claim

under Illinois state law alleging retaliatory discharge against the Village only (Count III), and a claim under Illinois state law for tortious interference with prospective economic advantage ("Tortious Interference Claim") brought against Casler and Fritz only (Count IV).  Defendants answered McLaughlin's complaint and filed the instant motion for judgment on the pleadings with respect to McLaughlin's state law claims in Count III and Count IV.

## LEGAL STANDARD

A party is permitted under Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") to move for judgment on the pleadings after the parties have filed the complaint and the answer.  Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).  A district court should grant a motion for judgment on the pleadings "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved. . . ."  *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007)(citing *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002) and *Northern Indiana*, 163 F.3d at 452).  The court, in ruling on a motion for judgment on the pleadings, must "accept as true all well-pleaded allegations," *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000), and "view the facts in the complaint in the light most favorable to the nonmoving party. . . ." *Northern Indiana*, 163 F.3d at 452 (quoting *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir.

3

1995)). The main difference between a Federal Rule of Civil Procedure 12(b) ("Rule 12(b)") motion and a Rule 12(c) motion is that a Rule 12(b) motion may be filed before the answer to the complaint is filed, whereas, a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Id.* n.3.

A court may rule on a motion for judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone. *Id.* at 452. The pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation. *Id.* at 452-53. In ruling on a motion for judgment on the pleadings, a "district court may take into consideration documents incorporated by reference to the pleadings . . . [and] may also take judicial notice of matters of public record." *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). If the court considers matters outside the pleadings, the court should convert the motion for judgment on the pleadings into a motion for summary judgment. *Northern Indiana*, 163 F.3d at 453 n.5.

## DISCUSSION

In support of their motion for judgment on the pleadings with respect to Counts III and IV, Defendants assert that McLaughlin's state law claims are barred by the Illinois Tort Immunity Act, 745 ILCS 10/1-101 *et seq.* ("Act"). Pursuant to 745 ILCS 10/2-201 of the Act ("Section 201"), "a public employee serving in a position involving the determination of policy or the exercise of discretion is not

4

liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." *Id.* Defendants argue that the Act applies to both McLaughlin's retaliatory discharge claim and his Tortious Interference Claim and bars both claims. McLaughlin argues, in opposition, that Defendants' answer to McLaughlin's complaint concedes that Casler and Fritz did not terminate McLaughlin and, thus, Defendants cannot prove that Casler and Fritz participated in discretionary acts pursuant to an official policy of the Village.

I. Motion for Judgment on the Pleadings

As a general rule, a plaintiff's complaint need not "anticipate affirmative defenses to survive a motion to dismiss." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). However, the Seventh Circuit has recognized an exception to this rule when "allegations of the complaint itself set forth everything that is necessary to satisfy the affirmative defense." *Lewis*, 411 F.3d at 842. Thus, the issue is whether the pleadings set forth everything that is necessary to satisfy the affirmative defense of immunity raised by Defendants under the Act. As stated above, Section 201 of the Act states: "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. In analyzing the language of the Act, the Illinois Supreme Court has concluded that Section 201 requires that the employee's position "be one which involves either

determining policy *or* exercising discretion. . . ." *Harinek v. 161 North Clark St. Ltd. Partnership*, 692 N.E.2d 1177, 1181 (Ill. 1998)(emphasis added).  However, the Illinois Supreme Court also found that Section 201 requires the act or omission itself to be "*both* a determination of policy *and* an exercise of discretion." *Id.* (emphasis added).

The parties do not dispute that Fritz and Casler were public employees serving in a position involving the determination of policy or the exercise of discretion and this fact is clearly established based on the pleadings.  The parties do dispute whether, on the face of the pleadings, the actual act taken by Fritz and Casler was both an exercise of discretion and a determination of policy.

A. Exercise of Discretion

The parties devote much of their briefs to disputing the issue of whether the pleadings establish that Fritz and Casler exercised their discretion in terminating McLaughlin's employment.  In the context of Section 201, an act is considered to be an exercise of discretion if it is "'unique to a particular public office. . . .'" *Id.* at 1182 (quoting *Snyder v. Curran Twp.*, 657 N.E.2d 988, 992-93 (Ill. 1995)).  A non-discretionary or "ministerial" act is one "which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act." *Snyder*, 657 N.E.2d at 992-93.  Since there are rarely "'mandates of legal authority'" relating to employment decisions, acts of hiring and firing are most often discretionary.

*Harinek*, 692 N.E.2d at 1181 (quoting *Snyder*, 657 N.E.2d at 992-93); *see also Sanchez v. Town of Cicero*, 2007 WL 844588, at *4 (2007)(finding that "[t]he decision to hire and retain . . . is inherently a discretionary act").  In this case, McLaughlin's complaint clearly alleges that Casler and Fritz were his supervisors with "the final decision authority and final policymaking authority" to terminate McLaughlin.  (Compl. Par. 16); (Compl. Par. 3, 4).  Furthermore, McLaughlin's complaint clearly alleges that it was Casler and Fritz who terminated McLaughlin under the authority from the Village. (Compl. Par. 17).  Based on McLaughlin's complaint, it is clear that the act of terminating McLaughlin's employment was not a ministerial act, but rather it was an act that was unique to the office of Casler and Fritz.

McLaughlin's central argument for why the act should not be considered discretionary is that McLaughlin claims that Defendants denied, in their answer to McLaughlin's complaint, that Casler and Fritz were McLaughlin's supervisors, that Casler and Fritz had the authority to terminate McLaughlin's employment, and that Casler and Fritz did, in fact, terminate McLaughlin's employment.  Paragraph 16 of Plaintiff's complaint states:

> Defendants knowingly relied on these false claims against Plaintiff as a pretext for terminating him on December 8, 2005.  Fritz and Casler had the final authority to terminate Plaintiff on behalf of the Village.  As Director of Police and as Village manager, Casler and Fritz were delegated with the final decision authority and final policymaking authority to terminate Plaintiff and to make decisions that affected OPS.

(Compl. Par. 16). In their answer to this statement, Defendants respond that they "deny the factual allegations and legal conclusions contained in Paragraph 16." (Answer Par. 16). McLaughlin also points to the fact that in Paragraphs 3 and 4 of Defendants' answer to McLaughlin's complaint, they denied that Casler and Fritz were McLaughlin's direct and second-level supervisors. (Ans. 3); (Answer Par. 3, 4). McLaughlin argues that the affirmative defense cannot bar the claims in Count III and Count IV since Defendants have denied that Casler and Fritz exercised authority. McLaughlin's argument is directly contrary to his own complaint, which plainly alleges that Casler and Fritz did have the discretionary authority to terminate McLaughlin and they exercised that discretion. Accepting as true the allegations in the complaint, regardless of the contents of Defendants' answer, the court concludes that Casler and Fritz did have discretionary authority to terminate McLaughlin's employment and that they did, in fact, exercise that discretion in terminating his employment. We also note that if we did not accept this fact as true, McLaughlin's claims in Count II and Count III would be subject to dismissal for failure to state a claim since McLaughlin would not have alleged that any individual employees were responsible for his termination. Thus, it is clear that on the face of the pleadings the act taken by Casler and Fritz to terminate McLaughlin was discretionary.

### B. Determination of Policy

The second issue in dispute is whether McLaughlin's termination was a determination of policy. An act is considered to be a determination of policy if it

"'require[s] the municipality to balance competing interests and to make a judgment call as to what solution will best serve each of those interests.'" *Id.* (quoting *West v. Kirkham*, 588 N.E.2d 1104, 1109 (Ill. 1992)).  McLaughlin's complaint specifically alleges that Casler and Fritz had the "policymaking authority to terminate" him. (Compl. Par. 16).  McLaughlin's complaint also clearly alleges that Casler and Fritz exercised their authority and terminated him.  (Compl. Par. 17).  On the face of McLaughlin's allegations, Casler and Fritz each held a position within the Village in which employment decisions were a part of their policymaking authority.  It is clear that the decision to terminate McLaughlin required a "balance" of "competing interests" and a "judgment call as to [the] solution that will best serve each of those interests." *West*, 588 N.E.2d at 1109.  Therefore, based on the pleadings, the decision to terminate McLaughlin was also a determination of policy.

II.  Application of the Tort Immunity Acts to McLaughlin's State Claims

In the instant action, the pleadings set forth everything that is necessary to satisfy the affirmative defense raised by Defendants under the Act.  Therefore, McLaughlin's Tortious Interference claims, brought against Casler and Fritz individually, do not survive the motion for judgment on the pleadings since Casler and Fritz are immunized pursuant to Section 201.  Similarly, McLaughlin's retaliatory discharge claim, brought against the Village, also fails since neither Casler or Fritz could be liable for a claim of retaliatory discharge.  Pursuant to 745 ILCS

10/2-109, a "local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. Since McLaughlin cannot possibly show that Casler and Fritz are liable for retaliatory discharge, the Village cannot be held liable either.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' partial motion for judgment on the pleadings.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   May 19, 2008